# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ALTAMONTE PEDIATRIC ASSOCIATES, P.A., a Florida Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>GREENWAY HEALTH, LLC, a Delaware Limited Liability Company,<br><br>        Defendant. | CIVIL ACTION<br><br>(<u>CLASS ACTION</u>)<br><br>Case No. 8:20-cv-00604 |

## DECLARATION OF JOHN T. NICOLAOU IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL

I, John T. Nicolaou, declare as follows:

1.      I am a member in good standing of the New York State Bar and an attorney at the law firm of Lieff Cabraser Heimann & Bernstein, LLP (LCHB).  I am one of the counsel for Plaintiffs Altamonte Pediatric Associates, P.A.; Pulmonary Associates of Charleston, PLLC; Neurosurgical Specialists of West County, Inc. (NSWC); Medlock Pediatrics, P.C.; C.R. Magness, M.D.; and Valley Ob-Gyn Clinic, P.C. in the above-captioned action.

2.      I have been actively involved in all aspects of the prosecution of this case and its investigation. I have access to the discovery materials exchanged in this case and to certain correspondence between the parties and third parties relating to this case. I am familiar with the factual matters discussed herein and each of these facts is true and correct to the best of my knowledge, information and belief based on the evidence and other materials cited in support.

I.      **Adequacy of Class Counsel**

3.      As part of the present motion, Plaintiffs respectfully ask that this Court appoint LCHB partner Jonathan Selbin as co-lead counsel for the settlement class and fellow LCHB attorneys Mark Chalos, Jason Lichtman, Gabriel Panek, and me as class counsel. Mr. Selbin, Mr. Chalos, Mr. Lichtman, Mr. Panek, and I have extensive experience investigating, prosecuting, and resolving complex class actions, and are well-qualified to serve as counsel for the settlement class here. LCHB's firm resume is attachment to the declaration of Jonathan Selbin in support of Altamonte's motion for class certification (*see* Dkt. 129-1).

4.     Plaintiffs also respectfully ask that the Court appoint Rogers Patrick Westbrook & Brickman, LLC ("RPWB") partner Michael Brickman as co-lead counsel for the settlement class and his colleagues James Bradley, Nina Fields, and Caleb Hodge as class counsel. RPWB's firm resume is attached to the declaration of Michael Brickman in support of Altamonte's motion for class certification. *See* Dkt. 130-1.

5.     Plaintiffs also respectfully ask that the Court appoint the following attorneys as additional class counsel: Janet Varnell and Erika Willis of Varnell & Warwick (*see* Dkt. 131 for firm resume); Brett Ialacci of Badham & Buck (*see* Dkt. 132 for firm resume); Cooper Knowles (*see* Dkt. 133 for firm resume); Timothy Bailey of Bailey, Javins & Carter (*see* Dkt. 134 for firm resume); and Kris Skaar, James Feagle, and Justin Holcombe of Skaar & Feagle (firm resume will be filed as an accompanying supporting document).

## II.    Summary of Litigation

6.     The parties to the pending cases against Greenway have engaged in extensive litigation.

7.     On October 15, 2019, Plaintiff Pulmonary Associates of Charleston PLLC filed suit against Greenway in the Superior Court of Carroll County in Georgia. This matter concerned Greenway's Prime Suite software. Greenway removed the case to federal court, where it received the case name *Pulmonary Associates of Charleston PLLC, et al. v. Greenway Health, LLC, et al.*, Case No. 3:19-cv-00167-TCB (N.D. Ga.).

8. On November 26, 2019, NSWC, Medlock, and Dr. Magness filed suit against Greenway in the U.S. District Court for the Northern District of Georgia.

9. After agreeing to coordinate efforts in their litigation against Greenway, Pulmonary, NSWC, Medlock, and Dr. Magness jointly moved the Northern District of Georgia to consolidate their cases on January 14, 2020. Judge Batten, who was presiding over both cases, granted this motion and consolidated the cases under the *Pulmonary* case name.

10. On March 13, 2020, Altamonte filed its lawsuit against Greenway on March 13, 2020. This lawsuit concerned Greenway's Intergy software but involved similar errors to those giving rise to the Prime Suite lawsuits.

11. On December 11, 2020, Plaintiff Valley OB-Gyn Clinic, P.C., a former Prime Suite customer and member of two of the putative breach-of-warranty classes alleged in the *Pulmonary* matter, filed suit against Greenway. This case is captioned *Valley Ob-Gyn Clinic, P.C. v. Greenway Health, LLC, et al.*, Case No. 3:20-cv-00220-TCB (N.D. Ga.).

12. The parties have engaged in substantial motion practice. Greenway has filed multiple dispositive motions in the *Pulmonary*, *Altamonte*, and *Valley* matters. The breach-of-warranty claims in the *Pulmonary* and the breach-of-warranty and Florida Deceptive and Unfair Trade Practice claims in the *Altamonte* matter survived Greenway's pleading-stage challenges. In the *Valley* matter, the motion to dismiss is fully briefed and pending decision.

13. The parties have engaged in significant discovery. During the summer of 2020, they exchanged hundreds of discovery requests. The parties began producing documents in August 2020 and continued productions on a rolling basis throughout 2020 and 2021. In total, Greenway produced 524,234 documents in the *Pulmonary* matter and 532,477 documents in the *Altamonte* matter. Plaintiffs in the two matters have produced a total of 27,903 documents. In the *Pulmonary* and *Altamonte* cases, the parties have taken fifteen total depositions.

14. The discovery produced in litigation confirms that thousands of practices purchase Prime Suite during the class period, thousands of practice purchased Intergy during the class period, and hundreds of practices paid data retrieval costs during the class period.

15. To date, Plaintiffs' counsel have incurred over $1 million in case costs, the vast majority of which have been for expert services.

16. Plaintiffs' counsel have devoted and will continue to devote substantial resources to this litigation. Starting in 2019, I personally have devoted more than 2,000 hours to the three Greenway litigations, and will continue to devote the necessary time and energy to ensure a fair result for the Plaintiffs and class members. I believe my colleagues share this commitment.

**III.  Settlement Negotiations**

17. This settlement is the result of arms-length negotiations, and counsel for Plaintiffs have had adequate discovery to make informed recommendations to the Plaintiffs regarding settlement.

18. Our firm began settlement negotiations with Greenway before filing suit on behalf of three of the Plaintiffs in the matter of *Pulmonary Associates of Charleston PLLC v. Greenway Health, LLC*. Specifically, on October 4, 2019, we sent a letter to Greenway on behalf of NSWC, Medlock, and Dr. Magness that summarized their potential claims regarding Greenway's Prime Suite software. The letter requested Greenway mediate the claims with the goal of reaching a classwide settlement. Greenway began discussions with us later that month, and we requested that the parties agree upon a mediator.

19. Also in October 2019, Altamonte attempted to settle its claims against Greenway. *See* Dkt. 126 (Zissman Declaration) ¶3(c). These attempts continued through February 2020. *See id.* ¶3(d).

20. In early 2020, the *Pulmonary* Plaintiffs and Greenway continued to discuss mediation and agreed to use JAMS neutral Jed Melnick as the mediator for a mediation on May 7, 2020. The parties also exchanged informal information requests and voluntarily produced documents in advance of this mediation. During this time, the parties also briefed Greenway's motion to dismiss the operative complaint in the *Pulmonary* matter. The parties attended a full day mediation on the agreed upon date, but did not reach an agreement to resolve the matter at that time.

21. Pursuant to this Court's mediation order, the parties held mediation sessions on February 8, 2021 and March 9, 2021 with a court-appointed mediator, the honorable Judge Gregory Holder (retired).

22. For several months in 2021, the parties exchanged written settlement proposals and held informal phone calls to bridge the differences between the parties.

23. On June 8, 2021, the parties held a final mediation session with Judge Holder and reached an agreement in principle to settle all three matters pending against Greenway. Since that session, the parties have worked together cooperatively to agree upon detailed proposals for claims administration and notice.

24. The signed settlement agreement reached by the parties is attached hereto as Exhibit 1.

25. The proposed notice template referenced in the settlement agreement is attached hereto as Exhibit 2.

26. The proposed claim form referenced in the settlement agreement is attached hereto as Exhibit 3.

27. The settlement agreement also incorporates by reference a confidential supplemental agreement (attached hereto as Exhibit 4).

28. Plaintiff's counsel (principally Jason Lichtman, James Bradley, and I) negotiated the settlement agreement with knowledge of the issues and litigation risks as a result of our thorough investigation and discovery efforts.

**IV.** **Settlement Administration and Notice**

29. After the receipt of multiple bids, Plaintiffs' counsel and Greenway selected Angeion Group, which is headquartered in Philadelphia, Pennsylvania, to serve as the notice and claims administrator for the settlements previously presented

to the Court and for these settlements. LCHB has worked with Angeion Group in other class settlement. My colleagues and I are satisfied that they can carry out their duties as settlement administrator in accordance with the highest professional standards.

I declare under penalty of perjury of the laws of New York and the United States that the foregoing is true and correct.  This declaration was executed in Chautauqua, New York on July 2, 2021.

_____
John T. Nicolaou