IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| PULMONARY ASSOCIATES OF CHARLESTON PLLC; NEUROSURGICAL SPECIALISTS OF WEST COUNTY, INC.; MEDLOCK PEDIATRICS, P.C.; C.R. MAGNESS, M.D.; VALLEY OB-GYN CLINIC P.C.; and ALTAMONTE PEDIATRIC ASSOCIATES, P.A., <br><br> Plaintiffs, <br><br> v. <br><br> GREENWAY HEALTH, LLC, and GREENWAY HEALTH, INC., <br><br> Defendants. | CIVIL ACTION FILE <br><br> Case No. 3:19-cv-00167-TCB (Consolidated with Case No. 3:20-cv-220-TCB and Case No. 1:21-cv-3116-TCB) <br><br> (CLASS ACTION) <br><br> **ORDER OF DISMISSAL WITH PREJUDICE AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, AND EXPENSES** |

Plaintiffs filed two related, unopposed motions. The first asks the Court to grant final approval to a proposed Settlement, *see* Dkt. 132, the second to award attorneys' fees and expenses, *see* Dkt. 126.[1] The Settlement will, if approved, resolve this litigation on behalf of "[a]ny Greenway customer who purchased any software bundle that included Prime Suite, purchased any software bundle that

---

[1] The terms capitalized in this order have the same meaning as those in the Settlement. *See* Dkt. 119-4 at 11–55 (Settlement).

included the Intergy EHR, or paid Greenway for a Data Retrieval." *See* Settlement ¶ 2. In particular, it requires Defendants to pay $26,000,000 cash into a non-reversionary fund for the benefit of the Class, out of which Class members will be compensated in proportion to the harm they suffered. *See id.* ¶ 4. Any attorneys' fees and costs are also paid out of this fund. *See id.*

On August 24, 2021, the Court preliminarily approved the Settlement, ordered notice to the Class, and scheduled a Fairness Hearing for December 2, 2021. *See* Dkts. 123, 125, 131. The notice provider sent notice to the Class in accordance with the Court-approved notice program. That program included both mail and email notice to Class members, and it provided them with the opportunity to object to the Settlement and fees, or opt out. No Class member objected to either the Settlement or the motion for attorneys' costs and fees, which is particularly notable because the Class includes sophisticated medical practices, some of which have a significant amount of money at stake in this litigation. Four Class members timely opted out.

The Court has scrutinized Plaintiffs' Motions, the proposed Settlement Agreement, the parties' exhibits, the record in this matter, and the arguments of counsel thoroughly. As explained below, the Court **GRANTS** both motions in full.

## I. **CLASS CERTIFICATION**

The first question before the Court is whether to certify the Class. *See* Fed. R. Civ. P. 23(a) & (b). Even where, as here, the motion for class certification is unopposed, the Court must still ensure itself that certification is appropriate. *See In re Equifax, Inc. Customer Sec. Data Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021). As relevant here, class certification is only proper if Plaintiffs demonstrate: (1) that the class is so numerous that joinder is impracticable; (2) that there is at least one issue common to the class that will drive resolution of the litigation; (3) that the proposed named plaintiffs have claims that are typical of the claims of other class members; (4) that both proposed class representative and proposed counsel will represent the class adequately; (5) that questions of law or fact common to the class predominate over individual issues; and (6) that a class action is superior to other available methods for fairly and effectively resolving the dispute between the parties. *See* Fed. R. Civ. P. 23(a); Fed. R. Civ. P. 23(b)(3).

In its Preliminary Approval Order, the Court concluded that the Class and its Representatives presented evidence that was likely to satisfy these requirements and finds no reason to disturb those conclusions. *See* Dkt. 123 ¶¶ 3–4. The requirements of Rule 23(a) and Rule 23(b)(3) were satisfied then and they remain so now. As such, the Court **CERTIFIES** the proposed class.

3

## II. SETTLEMENT APPROVAL

Having certified the Class, the Court now must determine whether the Settlement is "fair, adequate, and reasonable." *In re NetBank, Inc. Sec. Litig.*, No. 1:07-cv-2298, 2011 WL 13176646, at *3 (N.D. Ga. Nov. 9, 2011) (Batten, J.); *see* Fed. R. Civ. P. 23(e). In preliminarily approving the Settlement, the Court applied these standards and concluded that the Settlement appeared to be "fair, adequate, and reasonable." Dkt. 123 ¶ 1. Plaintiff explained, among other things, that the Settlement was the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, Dkt. 119-1 at 15–16, and the Court agreed, *see* Dkt. 123 ¶¶ 1, 3. Those conclusions stand and counsel in favor of final approval. The record is, indeed, even more supportive of approval now given that no Class member opposes the Settlement after implementation of the Court-approved notice plan.

Upon careful consideration of all relevant factors prescribed by the Federal Rules, the Court now fully and finally **APPROVES** the Settlement in all respects. *See* Fed. R. Civ. P. 23(e). This includes, without limitation, the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action. The Settlement is, in all

respects, fair, reasonable, and adequate to the Class. Fed. R. Civ. P. 23(e). The Parties are thus directed to perform its terms.

The terms of the Settlement Agreement and of this Order and Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class members (regardless of whether any individual Class member submits a Claim Form), as well as their respective successors and assigns.

## III. THE REQUESTED ATTORNEYS' FEES AND COSTS

Having certified the Class and found the Settlement "fair, reasonable, and adequate," the Court now turns to counsel's request for fees and costs for their work prosecuting and settling this litigation. *See* Dkt. 126. Counsel request reimbursement of $1,041,385.09 in expenses they advanced and $8,580,000 in attorneys' fees for their work prosecuting the claims in this litigation. Settlement ¶ 6. No Class member objected to any part of that request.

Turning to expenses first, this Court has observed that class counsel "is entitled to be reimbursed from the class fund for the reasonable expenses incurred in [the] action." *In re NetBank, Inc. Sec. Litig.*, No. 1:07-cv-2298, 2011 WL 13353222, at *4 (N.D. Ga. Nov. 9, 2011) (Batten, J.); *see also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-cv-3066, 2012 WL 12906499, at *4 (N.D. Ga. Oct. 26, 2012). Here, Class Counsel submitted attorney declarations

5

detailing their expenses, which totaled $1,041,385.09. Dkt. 126-1 at 23 & n.10. Most of those expenses were paid to expert witnesses, and the remainder are ordinary litigation expenses. *Id.* All were "reasonable and necessary to obtain the settlement reached in this case." *NetBank*, 2011 WL 13353222, at *4. Class Counsel's request for reimbursement of $1,041,385.09 in expenses is hereby **GRANTED**.

Now considering attorneys' fees, the Court observes that Class counsel request 33% of the common fund as attorneys' fees; i.e., $8,580,000. This is important because courts in this Circuit award attorneys' fees in common fund settlements under the "percentage method." *Equifax*, 999 F.3d at 1279. The percentage method compensates class counsel by awarding them "a reasonable percentage of the fund established for the benefit of the class." *Id.* at 1278 (quoting *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)). To determine whether a fee request is reasonable, a court should consider what are known as the "*Johnson* factors." *See id.* at 1278 & n.22 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

All factors indicate that the requested fees are reasonable. Specifically: (a) Class counsel spent extensive time and labor litigating the case over many years with no certainty of success; (b) the case presented several novel and difficult

questions, particularly those of a highly technical nature; (c) the case required a high level of skill and experience; (d) the requested fee is in line with the customary percentage in contingent cases; (e) the case is being prosecuted on a purely contingent-fee basis; (f) the Settlement provides outstanding benefits; (g) the fee award is in line with awards in other class actions; and (h) Class counsel faced a high degree of risk that they would not recover anything. *See, e.g., Ferron v. Kraft Heinz Foods Co.*, No. 20-cv-62136, 2021 WL 2940240, at *19–22 (S.D. Fla. July 13, 2021) (applying *Johnson* factors and granting one-third award); *George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1376–83 (N.D. Ga. 2019) (same); *Columbus Drywall*, 2012 WL 12540344, at *3–7 (same); *Netbank*, 2011 WL 13353222, at *2–3 (same).

This Court is also permitted (though not required) to conduct a lodestar cross-check to help determine whether the percentage is reasonable. *See Equifax*, 999 F.3d at 1278. Many courts in this Circuit have criticized the lodestar cross check as discouraging early and efficient resolution of litigation. *See In re Home Depot, Inc.*, 931 F.3d 1065, 1091 n.25 (11th Cir. 2019); *Drazen v. GoDaddy.com, LLC*, No. 19-cv-563, 2020 WL 4606979, at *1 n.2 (S.D. Ala. Aug. 11, 2020). This Court does not need to address the issue, however, because the lodestar cross check confirms that counsel's fees are reasonable. Counsel's declarations show that they

have spent more than 11,000 hours litigating this case at market rates that are reasonable. *See* Dkt. 126 at 21 & n.9; *cf., e.g.*, *Amin v. Mercedes-Benz USA, LLC*, No. 17-cv-1701, 2020 WL 5510730, at *4 (N.D. Ga. Sept. 11, 2020) (approving similar market rates where, as here, counsel submitted declarations based on their current billing rates). Indeed, when Class counsel filed their motion for attorneys' fees, they had already expended $5,970,006.50 in attorney time. Dkt. 126-1 at 21 & n.9.[2] This means that the requested fees reflect a modest multiplier of 1.44 on Class counsel's actual lodestar, which is below the average in other class action settlements in this Circuit. *See, e.g.*, *Smith v. Floor & Decor Outlets of Am., Inc.*, No. 1:15-cv-4316, 2017 WL 11495273, at *4 (N.D. Ga. Jan. 10, 2017) ("The requested fee amounts to Class Counsel's lodestar plus a multiplier of roughly 2.5, well within the accepted range."); *Pinto v. Princess Cruises, Ltd.*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007) ("[L]odestar multiples in large and complicated class actions range from 2.26 to 4.5, while three appears to be the average." (quotation marks omitted)).

Class Counsel's request for an award of $8,580,000 in fees is hereby **GRANTED**.

---

[2] This excludes time counsel have spent since then (and will spend in the future) assisting Class members or securing approval of the Settlement.

## IV. CONCLUSION

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

1. The Court **CERTIFIES** the Settlement Class and **GRANTS** the Motion for Final Approval of the Settlement. The Court fully and finally approves the Settlement in the form contemplated by the Settlement Agreement and finds its terms to be fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23. The Court directs the consummation of the Settlement pursuant to the terms and conditions of the settlement agreement.

2. The Court **DISMISSES** the Class Actions and all claims contained therein, with prejudice to the Parties, including the Class. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

3. The Court **CONFIRMS** its prior appointments of Co-Lead Counsel and other Class Counsel.

4. The Court **CONFIRMS** its prior appointments of Settlement Class Representatives.

5. The Court **CONFIRMS** the appointment of Angeion Group as Claims and Notice Administrator.

6. The Court **GRANTS** Class Counsel's request for attorneys' fees and expenses, and **AWARDS** Class Counsel reimbursement of $1,041,385.09 in expenses and an award of $8,580,000 in attorneys' fees.

7. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms. Settlement ¶ 68.

**IT IS SO ORDERED.**

DATED: _12-2-21_

_____
HON. TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE